**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE MEZA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Defendant. | Case No.: '17CV2492 GPC KSC<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Steve Meza ("Mr. Meza," or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of American Express Company ("AMEX" or "Defendant"), in negligently, and/or willfully contacting Plaintiff for advertising purposes, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
1 OF 9

knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against AMEX occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon allege, that AMEX is, and at all times mentioned herein was, a corporation whose primary corporate address is in New York, New York.

6. Plaintiffs are informed and believe, and thereon allege, that AMEX is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

7. AMEX provides various consumer credit products and advertises those products through the use of telephone calls.

## FACTUAL ALLEGATIONS

8. At all times relevant, AMEX conducted business in the State of California and in the County of San Diego, within this judicial district.

9. At no time did Plaintiff provide his current cellular telephone number to Defendant.

10. On or about, November 3, 2017, Defendant contacted Plaintiff on his respective cellular telephone ending in "4402".

11. At the time of the call, Plaintiff did not have a business relationship with Defendant.

12. AMEX called Mr. Meza's cellular telephone using an artificial or prerecorded voice message stating that it had an offer for all AMEX card holders, for marketing or solicitation purposes in an effort to obtain Plaintiff's business.

13. After a few seconds of hearing this robotic voice, Plaintiff became upset and frustrated that AMEX had somehow obtained Plaintiff's cellular telephone number and was now being contacted. Due to this frustration, Plaintiff decided to terminated the call.

14. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Upon information and belief, this telephone dialing equipment used by AMEX has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

17. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

18. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular telephones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

19. The telephone number AMEX called was assigned to a paid cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

20. The call to Plaintiff was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Defendant's call to Plaintiff's cellular telephone number was unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

23. Plaintiff's propose to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice from four years prior to the date of the filing of this Complaint.

24. AMEX and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. Plaintiff and members of the Class were harmed by the acts of AMEX in at least the following ways: AMEX, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones for marketing purposes by using artificial or prerecorded voice

messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through AMEX's records or AMEX's agents' records.

28. There is a well-defined community of interest in the questions of law and fact affecting the represented party. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, from four years prior to the filing of this Complaint to present, AMEX or its agent(s) placed any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   ii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      iii.      Whether AMEX and its agents should be enjoined from engaging in such conduct in the future.

29. As a person that received at least one marketing call via an ATDS or an artificial or prerecorded voice message to their cell phones without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the AMEX's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and AMEX will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce AMEX to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against AMEX is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. AMEX has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. AMEX's call to Plaintiff's cellular telephone without any prior express consent constitutes a negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of AMEX's, and AMEX's agents', negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Upon information and belief, AMEX made the unsolicited telephone call to Plaintiff's cellular telephone without a current business relationship for the economic benefit of AMEX.

40. AMEX's actions constitute a knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of AMEX's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

43. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against AMEX:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of AMEX's and AMEX's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of AMEX's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: December 12, 2017                    **Kazerouni Law Group, APC**

                                           By: _/s Abbas Kazerounian____
                                               ak@kazlg.com
                                               Abbas Kazerounian
                                               *Attorneys for Plaintiff*

**Additional Plaintiff's Counsel:**

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
9 OF 9